**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Earl Calvin CATES, Defendant–Appellant.**

**No. 07–10386.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 2008.

Filed June 25, 2008.

Bruce M. Ferg, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Adam Bleier, Law Offices of Adam N. Bleier, Tucson, AZ, for Defendant–Appellant.

Before: WALLACE and GRABER, Circuit Judges, and EZRA,* District Judge.

MEMORANDUM **

Because the parties are well aware of the facts of this case, those facts will not be repeated here. Earl Calvin Cates appeals from the district court's denial of his motion for a new trial. We affirm.

We review the district court's decision not to hold an evidentiary hearing for abuse of discretion. *See United States v. Alexander,* 695 F.2d 398, 402 (9th Cir. 1982). A denial of a motion for a new trial is also reviewed for abuse of discretion. *United States v. Blinder,* 10 F.3d 1468, 1476 (9th Cir.1993). We review de novo Cates's claims of ineffective assistance of counsel because, even though Cates raises the challenge on direct appeal, the record on the issue is complete and both parties requested that we reach the issue. *United States v. Labrada–Bustamante,* 428 F.3d 1252, 1260 (9th Cir.2005).

With respect to Cates's claims of ineffectiveness of counsel, we find that his trial counsel made a permissible strategic decision to have Cates, who is an older, sympathetic gentleman, testify and not to pursue a potential expert witness, whose testimony could be effectively countered in cross-examination. *See Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (the defendant must overcome the presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment"); *see also Dows v. Wood,* 211 F.3d 480, 487 (9th Cir.2000) ("[C]ounsel's representation must be only objectively reasonable, not

---

* The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

flawless or to the highest degree of skill. ... [C]ounsel's tactical decisions at trial ... are given great deference and must similarly meet only objectively reasonable standards." (citation omitted)). In addition, trial counsel did prepare Cates to testify to some extent. Thus, Cates has the burden to show, which he did not satisfy, that his trial counsel's performance was outside the "wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052.

As recognized by the district court, evidence concerning the age and ethnicity of Cates's wife should not have been admitted. However, the error does not require reversal because the district court gave a proper curative instruction directing the jury to disregard the evidence. *See Greer v. Miller,* 483 U.S. 756, 766–67 & fn. 8, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987).

**AFFIRMED.**